**Opinion issued August 1, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00414-CR

_____

**ALBERTO GUTIERREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1474380**

---

## MEMORANDUM OPINION

Appellant, Alberto Gutierrez, pleaded guilty to the third-degree felony offense of driving while intoxicated, third offense. On July 26, 2016, in accordance with appellant's plea agreement with the State, the trial court signed a judgment of conviction sentencing appellant to twenty-five years' imprisonment. The trial court

certified that this case is a plea-bargain case and appellant has no right of appeal. Appellant, acting pro se, filed a notice of appeal on May 23, 2024. We dismiss the appeal.

In criminal cases, the appellant must file a notice of appeal "within 30 days after the day sentence is imposed." TEX. R. APP. P 26.2(a)(1). The deadline to file a notice of appeal is extended to ninety days after the sentence is imposed if the defendant timely files a motion for new trial. TEX. R. APP. P 26.2(a)(2). Here, appellant's sentence was imposed on July 26, 2016, and no motion for new trial was filed. Thus, the deadline for filing a notice of appeal was August 25, 2016. *See* TEX. R. APP. P 26.2(a)(1). Appellant's May 23, 2024 notice of appeal was filed almost eight years after the deadline. If an appeal is not timely perfected, then a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Because appellant's notice of appeal was untimely, we lack jurisdiction over this appeal.

We also lack jurisdiction over this appeal because, in a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not

been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Here, the clerk's record supports the trial court's certification that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal without further action. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss this appeal for lack of jurisdiction. We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).